**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Madalyn Fischer</u>

    v.    Civil No. 08-cv-479-JL

<u>State of New Hampshire,
Department of Health and
Human Services</u>[1]

**O R D E R**

Madalyn Fischer has filed a complaint alleging that the State of New Hampshire is illegally holding money she was to receive under her late mother's life insurance policy.  Because plaintiff is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine whether or not the complaint states any claim upon which relief might be granted.  See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

---

[1] As explained in the body of this Order, I construe the complaint to name Nicholas Toumpas, Commissioner of the New Hampshire Department of Health and Human Services, as the defendant to this action.

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

Plaintiff is the daughter of Catherine Fischer, who died in 2002.  Plaintiff alleges that she was the sole beneficiary of her mother's life insurance policy, which was supposed to be distributed to her as an annuity upon her mother's death.  Plaintiff claims that, due to her mental illness, the State of New Hampshire's Department of Health and Human Services ("DHHS") has held this money and refused to release it to her.  Plaintiff asserts that there is no basis upon which the State can legally refuse to release the money to her.

Discussion

A property interest only exists if plaintiff can demonstrate "a legitimate claim of entitlement."  Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).

> It is the purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined.  It is a purpose of the constitutional right to a hearing to provide an opportunity to vindicate those claims.

Id.  In other words, a legitimate claim of entitlement to property entitles the holder of the claim to due process before he or she can be deprived of the property by the government.  See id.; U.S. Const. amend. XIV.

Here, plaintiff asserts that she has a legitimate claim of entitlement to a life insurance annuity that was left to her upon the death of her mother in 2002.  Liberally construing the complaint, I find that plaintiff has claimed that the government has withheld money from her, in which she has a legitimate property interest, without a legal basis and without having afforded her appropriate process prior to the deprivation.  Accordingly, I find that she has stated a due process claim under the Fourteenth Amendment.  The claim is actionable under 42 U.S.C. § 1983 which creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[2]; City of Okla. City v. Tuttle, 471 U.S. 808, 829 (1985); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).

---

[2] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

The DHHS cannot, however, be held liable for money damages under § 1983 because of the immunity afforded state agencies under the Eleventh Amendment.[3]  See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (absent waiver, neither a state nor its agencies may be subject to suit in federal court); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that neither a state nor its officials acting in their official capacities are "persons" under § 1983). Therefore, I will construe this action as naming Nicholas Toumpas, Commissioner of the DHHS, as the individual responsible for assuring that plaintiff receives the life insurance money to which she is entitled, and therefore, the individual responsible for the Fourteenth Amendment violation.[4]

## Conclusion

As explained above, I find that plaintiff has stated a claim for a denial of her rights under the Fourteenth Amendment upon which relief might be granted.  Without further comment on the

---

[3] Plaintiff has not identified the specific relief she seeks. I will construe the complaint broadly to include claims for monetary, as well as injunctive, relief.

[4] Should there be any other individual or DHHS employee responsible for the deprivation of money complained of here, plaintiff should properly move to amend her complaint to name such an individual as a defendant to this action.

merits of the complaint, I direct that this action be served upon defendant Nicholas Toumpas, DHHS Commissioner.  As plaintiff has completed a summons form for the DHHS, I direct the Clerk's office to issue the summons against defendant and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons and copies of the complaint (document no. 1), and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendant Nicholas Toumpas.  See Fed. R. Civ. P. 4(c)(2).

Defendant is instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendant by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   December 23, 2008

cc:     Madalyn Fischer, pro se